NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GIANT PEACH RECORDS, LLC, | : : : | **OPINION** |
| Plaintiff, | : : | Civil Action No. 2:13-cv-01702 (SDW)(MCA) |
| v. | : : |  |
| GIAN MITCHELL, | : : : |  |
| Defendant. | : : |  |

WIGENTON, U.S.D.J.:

This matter comes before the Court upon the Motion to Dismiss for Improper Venue[1] by Defendant Gian Mitchell ("Defendant"), *pro se*, filed on August 13, 2013 (ECF No. 5.) Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendant's Motion to Dismiss for Improper Venue is **DENIED**.

I. BACKGROUND[2]

Plaintiff Giant Peach Records, LLC ("Plaintiff" or "Giant Peach") is a music production company based in West Orange, New Jersey. In summer 2011, Plaintiff produced the debut single for recording artist Carishma. At the end of the summer and throughout the fall, Plaintiff

---

[1] While Defendant refers to his Motion as a Motion to Dismiss for Lack of Subject Matter Jurisdiction, a reading of the Motion shows that it is clearly a Motion to Dismiss for Improper Venue.
[2] The facts from this section are taken from the parties' pleadings.

1

and Carishma began to work on Carishma's next single and a debut album, which were to be released in 2012. In February 2012, a consultant hired by Plaintiff convinced Plaintiff to temporarily move Carishma to Los Angeles to complete the album.

In April 2012, Plaintiff hired Defendant as an assistant for Carishma, in order to help her coordinate and maintain her busy schedule. This position gave Defendant access to Plaintiff's computers, as well as Plaintiff's spending accounts and credit cards. As a condition of his hiring, Defendant agreed with Plaintiff that he would only use Plaintiff's accounts to make business purchases, and that he had no right to possess any recordings made by Carishma.

Over the next few months, Carishma worked on her new album and traveled back and forth from Los Angeles to New York City and New Jersey to meet with Giant Peach representatives and other business contacts. During this time, Carishma wrote and recorded over twenty individual sessions of music on a computer owned by Plaintiff. Also around this time, Plaintiff set up an account with Dropbox, an online file depository, for Carishma to store digital files of her work.

Plaintiff states that in October 2012, it discovered that Defendant made several unauthorized purchases with Plaintiff's credit cards. Plaintiff also claims that in November 2012, Carishma logged onto her computer owned by Plaintiff and discovered that all of the recordings and music files for her upcoming album had been deleted. Plaintiff further alleges that Carishma discovered that 16,511 files were deleted from the Dropbox account. Plaintiff states that each of these files displayed the following message: "deleted from [Defendant]'s Macbook Pro." Although Plaintiff was able to recover some of the deleted work, it asserts that Giant Peach suffered substantial damages as a result of having to recreate the work and from the delay in releasing Carishma's album.

On March 19, 2013, Plaintiff filed a seven-count Complaint against Defendant (ECF No. 1). On August 13, 2013, Defendant filed the instant Motion to Dismiss for Improper Venue. ("Def.'s Mot.," ECF No. 5). On September 3, 2013, Plaintiff filed Opposition (ECF No. 6). On September 10, 2013, Defendant filed a Reply (ECF No. 7).

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Venue may be appropriate in more than one district "provided that 'substantial' activities occurred in multiple judicial districts." Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1224 (D.N.J. 1993). Additionally, "[i]t has long been established that the party challenging venue carries the burden of proving that venue is improper." Duckworth v. United States, No. 09-1212, 2009 WL 2231199, at *2 (D.N.J. July 24, 2009).

## III.   DISCUSSION

Defendant asserts that this case should be dismissed for improper venue because he resides in Los Angeles, Plaintiff employed him in Los Angeles, and "all of the act[s] alleged to have been performed by Defendant occurred in Los Angeles" (Def.'s Mot. at 2). Defendant also claims that Plaintiff only brought this action in this Court because it knows that Defendant is financially unable to defend himself in New Jersey.

3

This Court first notes that conclusory statements such as "all of the act[s] alleged to have been performed by Defendant occurred in Los Angeles" are insufficient to support a motion to dismiss for improper venue. See Call v. Czaplicki, No. 09-6561, 2010 WL 3001395, at *4 (D.N.J. July 28, 2010) (finding that a defendant's statement that "all of the meaningful events occurred in Pennsylvania" was a "cursory unsupported statement [that was] woefully insufficient to satisfy [the defendant's] burden"). Further, Plaintiff sufficiently alleged that "a substantial part of the events or omissions giving rise to the claim" occurred in New Jersey. During the course of Defendant's employment as Carishma's assistant, Carishma traveled back and forth to New Jersey to work on creating and promoting her album.  Additionally, Plaintiff alleges that the contractual provisions breached by Defendant were negotiated by New Jersey based employees of Plaintiff.  Further, Plaintiff also contends that Defendant misrepresented his intentions to Plaintiff's New Jersey officers because he agreed to use Plaintiff's credit cards and his access to Carishma's work for business purposes, and instead utilized the cards for personal purchases and stole and destroyed documents from a computer and database owned by Plaintiff.

Plaintiff has also shown that "a substantial part of property that is the subject of the action" is situated in New Jersey.  The property that was allegedly destroyed by Defendant was owned by Plaintiff, and all of the property that was recovered is now in New Jersey in the possession of Plaintiff.  Accordingly, Defendant's Motion to Dismiss for Improper Venue is denied.

**IV.**     **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss for Improper Venue is **DENIED**. An appropriate order follows this Opinion.

s/ Susan D. Wigenton, U.S.D.J.

Date:       March 25, 2014
Original:   Clerk's Office
cc:         Hon. Madeline C. Arleo U.S.M.J.
            All Counsel of Record
            File